By the Court.
It is conceded in this case that the court correctly charged the law as to murder in the first degree, of which the defendant was found guilty by the jury.
It is urged, however, that the court erred in its charge to the jury on murder in the second degree, *157 by practically eliminating therefrom the element of malice. The court did eliminate deliberate and premeditated malice, and rightly so, and out of abundant precaution might well have said to the jury that that did not eliminate malice and that malice was an essential element of murder in the second degree.
However, it is sufficient answer to the charge of error in this behalf to say that the jury never reached the question of murder in the second degree, presuming of course that they proceeded in due course and first considered the first degree murder charge, as they are always instructed to do; and, having in such consideration found a verdict of guilty, it was immaterial as to whether or not the court’s charges on the minor offenses included were or were not correct as a matter of law. There was no error in this respect.
As to the court’s failure to admonish the jury upon adjourning, pertinent to Section 13688, General Code, it is sufficient to say that this question has been fully considered and decided in. a very recont case before this court, Warner v. State of Ohio, ante, 38, where it is held:
“The failure by a court to perform its. statutory duty of admonishing the jury concerning their conduct while separated during the trial, does not constitute reversible error, where it is not shown that the jury were in fact guilty of misconduct or indiscretions,” etc.
"We find no prejudicial error in the record, and therefore the judgment below is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough and Wanamaker, J J., concur.